**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hussain SHELTON, Defendant–
Appellant.**

**No. 01–1608.**

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 2002.

Before KENNEDY, ALAN E.
NORRIS, and BATCHELDER, Circuit
Judges.

### MEMORANDUM OPINION

PER CURIAM.

Defendant Hussain Shelton appeals from a jury verdict of guilty on all seven counts of an indictment that charged him with aiding and abetting in the unauthorized use of an access device, 18 U.S.C. § 1029(a)(2), which in this case involved several instances of credit card fraud. On appeal, defendant raises a single assignment of error: that the evidence introduced at trial was insufficient for a jury to find guilt beyond a reasonable doubt.

When a defendant claims on appeal that there is insufficient evidence to support his conviction, we view the evidence "in the light most favorable to the prosecution." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Wright,* 16 F.3d 1429, 1439 (6th Cir.1994). When considering the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt. *United States v. Peters,* 15 F.3d 540, 544 (6th Cir.1994). "The government must be given the benefit of all inferences which can reasonably be drawn from the evidence ... even if the evidence is circumstantial." *United States v. Leal,* 75 F.3d 219, 222 (6th Cir.1996) (quoting *United States v. Adamo,* 742 F.2d 927, 932 (6th Cir.1984)).

After carefully reviewing the portions of the trial record submitted to us, we conclude that the government introduced sufficient evidence of guilt during the trial to satisfy the "rational juror" standard articulated in *Jackson v. Virginia.* Our conclusion is buttressed by the fact that defendant was not only charged with credit card fraud, but also with aiding and abetting. That consideration, coupled with our standard of review, leads us to conclude that, while the evidence against defendant as to every count might not have been overwhelming, it was sufficient to pass constitutional muster.

The judgment is affirmed.